UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WENDY SCHMELING,
individually,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

  COMES NOW, Plaintiff WENDY SCHMELING, files this Complaint against Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

  1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

  2. Plaintiff, WENDY SCHMELING is a permanent resident of Davenport, FL and is sui juris.

  3. Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

  4. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts. In the operative ticket contract, the Defendant

CASE NO.

requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district, rather than in a Florida state court as otherwise permitted by the Saving To Suitor's Clause of 28 U.S.C. §1333.

5.     Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

6.      At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

7.     The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

8.     Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract on January 15, 2019.  A copy of the notice of claim, made by certified mail, is attached as Exhibit 1.  Further, the Defendant has agreed to extend the time provided by the ticket contract to file suit.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

## COMMON LIABILITY AND DAMAGE ALLEGATIONS

9.      At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "OASIS OF THE SEAS."

10.      At all material times, the Plaintiff was a fare-paying passenger on board the M/S OASIS OF THE SEAS and in that capacity was lawfully present on board the vessel.

11.      The M/S OASIS OF THE SEAS contains an onboard Zip Line attraction, where passengers can zip line from one open air portion of Deck 16 to another.

12.      Attendants are stationed at both the beginning and end of the Zip Line attraction to assist passengers and instruct them on how to use the Zip Line safely.

13.      On or about November 24, 2018, while the Plaintiff was lawfully on board the M/S OASIS OF THE SEAS as a fare paying passenger, she was ziplining on Deck 16 when a crewmember improperly instructed her to land in the on a platform that was not sufficiently safe, marked as dangerous or was padded. Plaintiff followed these improper directions and landed on the platform as instructed. As a result, Plaintiff sustained serious injuries.

14.      As a direct and proximate result of the Defendant's instructing the Plaintiff to land on the unpadded platform, as opposed to a padded landing zone, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, and the inability to lead a normal life. The Plaintiff has lost wages in the past and has a future loss of earnings capacity. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries.  These damages are

CASE NO.

permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

<u>**COUNT I – NEGLIGENT OPERATION**</u>

15.     The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 14 above and in addition alleges the following matters.

16.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included  the duty to take reasonable steps to operate the Zip Line attraction in a reasonably safe manner.

17.     At all material times, the attending crewmembers operating the Zip Line attraction either actually knew or in the exercise of reasonable care should have known, through knowledge of applicable industry standards, prior incidents, or otherwise, that the platform Plaintiff was instructed to land on was dangerous and or hazardous due to it not being sufficiently padded or marked as unsafe, and therefore they should have instructed passengers such as the Plaintiff to only land in the padded landing zone instead.

18.     Notwithstanding the Defendant's actual or constructive knowledge of the hazardous and dangerous condition referred to above, the Defendant, through its attending crewmembers operating the Zip Line, instructed the Plaintiff to land on a dangerous platform and was therefore negligent in operating the Zip Line.   Since the negligence was operational negligence by crewmembers acting in furtherance of the vessel's business, operation of the Zip Line attraction, the Defendant is vicariously liable for the negligence of its crewmembers operating the Zip Line.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

19.     As a direct and proximate cause of the Defendant's negligence as described above, the Plaintiff has sustained and continues to sustain the damages described in paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## <u>COUNT II – FAILURE TO WARN</u>

20.     The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 14 above and in addition alleges the following matters.

21.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included  the duty to take reasonable steps to warn passengers of dangerous conditions of which it knew and or should have known.

22.     At all material times, the attending crewmembers operating the Zip Line attraction either actually knew or in the exercise of reasonable care should have known, through knowledge training and experience, applicable industry standards, prior incidents, or otherwise, that landing on the platform where Plaintiff was instructed to land was dangerous and or hazardous to passengers such as the Plaintiff landing on it.

23.     Notwithstanding the Defendant's actual or constructive knowledge of the hazardous and dangerous condition referred to above, the Defendant, through its attending crewmembers operating the Zip Line, failed to warn the Plaintiff of the dangers posed by landing on the platform that was not sufficiently padded, marked as dangerous, or that it was in fact dangerous, unsafe and was therefore negligent.  Since the negligence was negligence of the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

Defendant's crewmembers in the furtherance of the vessel's business, operation of the Zip Line attraction, the Defendant is vicariously liable for its crewmembers' negligence in failing to warn the Plaintiff as described above.

24.     As a direct and proximate cause of the Defendant's negligence as described above, the Plaintiff sustained and continues to sustain the damages described in paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT III – NEGLIGENT TRAINING

25.     The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 14 above and in addition alleges the following matters.

26.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included the duty to take reasonable steps adequately to train and instruct the crewmembers staffing the Zip Line attraction in order to ensure its safe operation by crewmembers and its safe usage by passengers including the Plaintiff.

27.     At all material times, the Defendant either actually knew or in the exercise of reasonable care should have known, through knowledge, training or experiences, knowledge of applicable industry standards, prior incidents, or otherwise, that landing on the platform was dangerous and or hazardous to passengers such as the Plaintiff.

28.     Notwithstanding the Defendant's actual or constructive knowledge of the hazardous and dangerous condition referred to above, the Defendant failed properly to train its

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

crewmembers who were operating the Zip Line attraction regarding the dangers posed by the platform due to it not being sufficiently padded, marked as dangerous, or safe, described above, and therefore of the necessity of instructing passengers to land on the padded landing zone instead of the concrete platform, and was thereby negligent.  This negligence on the part of the Defendant was direct negligence, since it involved negligence in training and instructing the crewmembers operating the Zip Line.

29.     As a result of the Defendant's negligent failure to train or instruct its crewmembers as specified above, the crewmembers operating the Zip Line attraction were not aware of the need to instruct passengers to only land in a designated padded landing area and therefore failed to instruct the Plaintiff to land on the padded landing area, thereby causing her to land in the concrete area and sustain serious injuries.

30.     As a direct and proximate cause of the Defendant's negligence as described above, the Plaintiff sustained and continues to sustain the damages described in paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed, this 18th day of October, 2019.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

Respectfully submitted,

**/s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
RAUL GABRIEL DELGADO II
Florida Bar No. 094004
rdelgado@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749